# Exhibit 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

---

ALEXANDRE PELLETIER, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

ENDO INTERNATIONAL PLC, RAJIV KANISHKA LIYANAARCHCHIE DE SILVA, SUKETU P. UPADHYAY, and PAUL V. CAMPANELLI,

        Defendants.

No. 2:17-cv-05114-MMB

---

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Endo International plc, Rajiv Kanishka Liyanaarachchie De Silva, Suketu P. Upadhyay, and Paul V. Campanelli (together, "Defendants"), by and through their undersigned attorneys, will serve the attached Subpoena to Produce Documents, Information, or Objects on Fernando Inzunza, on August 28, 2020 or as soon thereafter as practicable. Pursuant to the attached subpoena, Fernando Inzunza has been directed to produce the documents listed in Exhibit A on September 18, 2020 at 9:30 am PT at Latham & Watkins LLP, c/o Jake Ryan, 12670 High Bluff Drive, San Diego, CA 92130.

Dated: August 28, 2020
      New York, New York

LATHAM & WATKINS LLP

_____
James E. Brandt (admitted *pro hac vice*)
Jeff G. Hammel (admitted *pro hac vice*)
Thomas J. Giblin (admitted *pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
james.brandt@lw.com
jeff.hammel@lw.com
thomas.giblin@lw.com


J. Gordon Cooney, Jr. (No. 42636)
Laura Hughes McNally (No. 310658)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
gordon.cooney@morganlewis.com
laura.mcnally@morganlewis.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I, Thomas J. Giblin, hereby certify that on August 28, 2020, I caused a true and correct copy of the foregoing Notice of Subpoena to be served via e-mail on the following individuals:

| **BLEICHMAR FONTI & AULD LLP** | **ELLIOTT GREENLEAF, P.C.** | **KEHOE LAW FIRM, P.C.** |
|---|---|---|
| Joseph A. Fonti | John M. Elliott | John A. Kehoe |
| Javier Bleichmar | Thomas J. Elliott | Two Penn Center Plaza |
| 7 Times Square, 27th Floor | James C. Crumlish, III | 1500 JFK Boulevard |
| New York, NY 10036 | Timothy T. Myers | Suite 1020 |
| Telephone: (212) 789-1340 | 925 Harvest Drive, Suite 300 | Philadelphia, PA 19012 |
| Facsimile: (212) 205-3960 | Blue Bell, PA 19422 | Telephone: (215) 792-6676 |
| jfonti@bfalaw.com | Telephone: (215) 977-1000 | jkehoe@kehoelawfirm.com |
| jbleichmar@bfalaw.com | Facsimile: (215) 977-1099 | |
| | jme@elliottgreenleaf.com | |
| | tje@elliottgreenleaf.com | |
| | jccrumlish@elliottgreenleaf.com | |
| | ttm@elliottgreenleaf.com | |

_____

Thomas J. Giblin

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Pennsylvania

| | | |
|---|---|---|
| ALEXANDRE PELLETIER, | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 2:17-cv-05114-MMB |
| | ) | |
| ENDO INTERNATIONAL PLC, et al., | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Fernando Inzunza
              45055 El Prado Road, Temecula, CA 92590
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| Place: Latham & Watkins LLP c/o Jake Ryan 12670 High Bluff Drive San Diego, CA 92130 | Date and Time: 09/18/2020 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/28/2020

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Endo International plc, et al. _____, who issues or requests this subpoena, are:

Thomas Giblin, Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022, thomas.giblin@lw.com, 212-906-1232

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:17-cv-05114-MMB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research,
development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These
procedures apply to producing documents or electronically stored
information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

The following definitions and instructions apply to the below document requests.

## DEFINITIONS

All terms not otherwise defined shall have their ordinary and common meanings. Unless the context indicates otherwise, terms used herein shall have the following additional meanings:

1. "Communication(s)" means any transmission or exchange of information, opinion, or thoughts reflected in Documents, including but not limited to conversations, meetings, letters, notes, and facsimile or computer-assisted electronic messages.

2. "Document(s)" shall have the broadest meaning permissible under Federal Rule of Civil Procedure 34(a) and shall include but not be limited to any and all writings, drawings, graphs, charts, photographs, sound recordings, images, other data or data compilations, and electronically stored information.

3. "Including" shall be construed as "including, but not limited to" and shall not limit the scope of any request.

4. "Person" or "Persons" means, without limitation, corporations, partnerships, and associations, as well as natural persons.

5. "Plaintiff" means Park Employees' and Retirement Board Employees' Annuity and Benefit Fund of Chicago, its affiliates, employees, members, agents, attorneys, accountants, or other Persons or entities acting on its behalf, any account owned or opened by Plaintiff, or which is in its name or for its benefit, any trust owned or created by Plaintiff, or which is in its name or for its benefit, or any business entity owned or controlled in part by Plaintiff.

6. "Regarding" means discussing, reflecting, constituting, mentioning, pertaining to, assessing, embodying, recording, stating, concerning, describing, supporting, contravening, touching upon, or summarizing.

7. "You" or "Your" means Mr. Fernando Inzunza.

8. Whenever appropriate, the singular form of a word shall be interpreted in the plural form or vice versa, and verb tenses shall be interpreted to include past, present, and future tenses. Additionally, the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

## INSTRUCTIONS

1. All requested Documents that are in Your possession, custody, or control, whether actual or constructive, shall be organized and produced pursuant to Rule 45 of the Federal Rules of Civil Procedure.

2. If any Document requested herein is claimed to be privileged or otherwise withheld, in whole or in part, You must identify each Document and provide the following information:

    a. identity of the Person who created, wrote or prepared the Document and, if applicable, the Person(s) to whom the Document (or copies of it) was sent;

    b. date on which the Document was created, written, prepared or transmitted;

    c. description of the nature of the Document (e.g., letter, e-mail, memorandum);

    d. number of pages the Document contains; and

    e. the basis on which the Document is privileged or withheld.

3. If any request herein is claimed to be unreasonably burdensome, then for each such request, You must produce all Documents and information which are available to You without undertaking what is contended to be an unreasonable burden.

4. To the extent You object to any of the requests below and refuse to produce any requested Documents, You should produce all Documents responsive to the requests to which

You object to the extent such partial production is not objectionable, and explain in detail the basis on which such partial production was made.

5. Each request for Documents seeks production of all Documents described, along with any attachments, drafts, and non-identical copies in any language whatsoever, in Your possession, custody, or control.

6. Each request shall be deemed continuing so as to require further and supplemental production if You receive, discover, become aware of, or create additional responsive Documents subsequent to the date of Your response to these document requests.

7. Whenever appropriate, the singular form of a word shall be interpreted in the plural form or vice versa, and verb tenses shall be interpreted to include past, present, and future tenses. Additionally, the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any Documents which might otherwise be construed to be outside their scope. Unless specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

8. Unless otherwise specified, this request covers the time period from March 2, 2015 through February 27, 2017.

## DOCUMENTS REQUESTED

1. All Documents and Communications in Your possession, custody, or control from Lombardia Capital Partners LLC regarding Plaintiff's transactions in Endo stock between March 2, 2015 and February 27, 2017, including but not limited to those stored on any electronic media such as CD-ROMs, thumb drives, or any other digital storage units, and including but not limited to:

      a. trade tickets;

b.  trade or transaction confirmations;

c.  logs of all brokerage transactions with timestamps; and

d.  Any other Documents or Communications reflecting the times at which those trades were executed.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |
|---|---|
| ALEXANDRE PELLETIER, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiffs, | No. 2:17-cv-05114-MMB |
| v. | |
| ENDO INTERNATIONAL PLC, RAJIV KANISHKA LIYANAARCHCHIE DE SILVA, SUKETU P. UPADHYAY, and PAUL V. CAMPANELLI, | |
| Defendants. | |

---

**PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

IT IS HEREBY STIPULATED AND AGREED, in accordance with Rule 26(c) of the
Federal Rules of Civil Procedure, by and among Plaintiff Park Employees' and Retirement Board
Employees' Annuity and Benefit Fund of Chicago and Defendants Endo International plc, Rajiv
Kanishka Liyanaarchchie De Silva, Suketu P. Upadhyay, and Paul V. Campanelli (collectively,
the "Parties" and each individually, a "Party"), through their undersigned counsel, that the
following terms, upon entry of this Protective Order and Confidentiality Agreement ("Protective
Order") by the Court, shall govern the disclosure and use of all documents, testimony, exhibits,
interrogatories, answers, responses to requests for admission, electronically stored information
("ESI"), and any other materials and information produced or provided by Parties or non-parties
in the above-referenced action ("Action").

A.    **Definitions**

1.    <u>Discovery Material</u>. "Discovery Material" means any information, document, or tangible thing, response to discovery requests, deposition testimony or transcript, and any other similar materials, or portions thereof, produced during discovery in the Action.

2.    <u>Confidential Information</u>.  As used herein, "Confidential Information" means Discovery Material that the Disclosing Party in good faith believes is entitled to protection pursuant to Federal Rule of Civil Procedure 26(c) on the basis that it constitutes, reflects, discloses, or contains information that falls within one or more of the following categories: (a) trade secrets, confidential research, development, technical, commercial or financial information, or such other proprietary or sensitive business and commercial information that is not publicly available; and (b) information protected from disclosure by statute or rule (including the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania, the "Local Rules"), including, but not limited to, protected health information concerning any individual. Information or documents that are available to the public may not be designated "Confidential."

3.    <u>Highly Confidential Information</u>.  As used herein, "Highly Confidential Information" means any highly sensitive commercial or personal information which, if disclosed, could reasonably result in commercial, financial, or business harm.

4.    <u>Privileged Information</u>.  As used herein, "Privileged Information" means any information subject to a claim of attorney-client privilege, attorney work product protection or any other privilege, immunity, or protection from production or disclosure.  The Parties agree that nothing in this Protective Order shall be construed as expanding or restricting the privileges, immunities, or protections that the Parties are legally entitled to invoke.

5.      <u>Designating Party</u>.  A Party, person, or entity that designates Discovery Material produced in connection with this Action as "Confidential" or "Highly Confidential" is referred to herein as the "Designating Party."

6.      <u>Disclosing Party</u>.  A Party, person, or entity that produces or discloses Discovery Material in connection with this Action is referred to herein as the "Disclosing Party."  Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Disclosing Party for purposes of this Protective Order.

7.      <u>Receiving Party</u>.  A Party, person, or entity that receives Discovery Material in connection with this Action is referred to herein as the "Receiving Party."

**B.      <u>Designation</u>**

8.      <u>Document Production</u>:  For each document produced by a Disclosing Party that contains or constitutes Confidential Information or Highly Confidential Information pursuant to this Protective Order, each page shall be marked "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or with comparable notices.

9.      <u>Discovery Responses</u>:  Discovery responses produced by a Disclosing Party may be designated as Confidential Information or Highly Confidential Information by marking the pages of the document that contain such information with the notation "CONFIDENTIAL— SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or comparable notices.

10.     <u>Depositions</u>:  A Party may designate deposition testimony, in whole or in part, as Confidential Information or Highly Confidential Information.  Such designation may be made

during the deposition by an appropriate statement on the record.  Alternatively, after the conclusion of a deposition, a Party wishing to designate the deposition testimony, in whole or in part, as Confidential Information or Highly Confidential Information must, within 30 days after receipt of the transcript of deposition, serve a Notice of Designation on all Parties identifying the specific portions of the testimony that it wishes to designate as Confidential Information or Highly Confidential Information.  Until this 30-day period expires, the entire deposition transcript and video (if applicable) must be treated as Highly Confidential unless otherwise specified in writing or on the record of the deposition by the Disclosing Party.  Accordingly, unless otherwise specified in writing or on the record of the deposition by the Disclosing Party, the court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "HIGHLY CONFIDENTIAL—SUBJECT TO FURTHER CONFIDENTIALITY REVIEW."  Thereafter, only those portions identified in the Notice of Designation shall be protected under the terms herein.  The failure to serve a timely Notice of Designation shall waive the Disclosing Party's right to designate any portion of such deposition as Confidential or Highly Confidential unless otherwise agreed to by the Parties in writing or ordered by the Court.  All copies of deposition transcripts that contain Confidential Information or Highly Confidential Information must be prominently marked as such on their covers, and the medium on which any deposition video that contains Confidential Information or Highly Confidential Information is stored (including, but not limited to, tapes, CDs, DVDs, and flash drives) must be affixed with the appropriate confidentiality stamp. Videos of depositions, the transcript of which has been designated Confidential or Highly Confidential, shall automatically be treated as such.  Objections to the designation of Confidential Information or Highly Confidential Information under this paragraph are governed by Section F below.

11.     In accordance with this Protective Order, only the persons identified under Paragraphs 18 and 19, along with the witness and the witness's counsel, may be present if any questions regarding Confidential Information or Highly Confidential Information are asked.  This paragraph shall not be deemed to authorize disclosure of any document or information to any person to whom disclosure is prohibited under this Protective Order.

12.     Where a Disclosing Party produces Discovery Material received from a third party that the Receiving Party believes in good faith to have originated with the Receiving Party and as to which the Receiving Party would have designated it as Confidential or Highly Confidential had it been produced by the Receiving Party, a Receiving Party may designate any such Discovery Material as Confidential or Highly Confidential by providing notice to all Parties, within 30 days of its receipt of such information, and identifying the materials to be so designated by production Bates number; or, in the event such Discovery Material does not contain production Bates numbers, by other means sufficient to identify the specific document, testimony, or other Discovery Material that the Receiving Party wishes to designate as Confidential or Highly Confidential.

### C.     **Protection of Discovery Material**

13.     All Discovery Material designated as Confidential or Highly Confidential, as well as all copies, excerpts, summaries, or compilations thereof, shall be used only as permitted by this Protective Order and solely for purposes of this Action, including any appeal or retrial, and may not be used in other litigation or for any business, commercial, or other purpose.  Counsel shall take reasonable steps to ensure the security of any Confidential Information or Highly Confidential Information and will limit access to such material to those persons authorized by this Protective Order.

14.     Nothing herein shall impose any restrictions on the use or disclosure by a Party, non-party, or witness of documents, materials, or information obtained by such Party, non-party, or witness independently of the discovery proceedings in this Action, whether or not such documents, materials, or information are also obtained through discovery proceedings in this Action.

15.     All persons qualified to receive Confidential Information and Highly Confidential Information pursuant to this Protective Order shall at all times keep all notes, abstractions, or other work product derived from or containing Confidential Information or Highly Confidential Information in a manner to protect it from disclosure in accordance with this Protective Order, and shall be obligated to maintain the confidentiality of such work product after the conclusion of this Action.  Nothing in this Protective Order requires any counsel to disclose work product at the conclusion of the Action.

16.     Nothing contained in this Protective Order shall preclude any Party from using its own Confidential Information or Highly Confidential Information in any manner it sees fit, without prior consent of any Party or the Court.

17.     If a Receiving Party learns of any unauthorized disclosure of Confidential or Highly Confidential Information by any of the individuals reflected in Paragraphs 18 or 19, it shall promptly inform the Disclosing Party in writing, undertake reasonable efforts to retrieve such disclosed copies, and inform such individuals of this Protective Order and request that such person or persons execute the Certification that is attached hereto as Exhibit A.

18.     Confidential Information shall not, without prior written consent of the Designating Party, be given, shown, summarized, revealed, disclosed, or made available in any form to any person other than:

a.      the Court and court personnel, any appellate court in this Action, and jurors, prospective jurors, and alternate jurors in this Action;

b.      individual Parties and their counsel;

c.      present or former officers, directors, and employees of a corporate or organizational Party, to the extent in-house or outside counsel for the Receiving Party determines in good faith that the assistance of the present or former officer, director, or employee is reasonably necessary to the conduct of this Action, for the sole purpose of assisting with this Action, and provided that such persons have completed the Certification contained in Exhibit A;

d.      in-house and outside counsel of a corporate or organizational Party, to the extent that counsel is participating in the prosecution and defense of this Action, and their legal, clerical, or support staff;

e.      other attorneys working at the direction of the undersigned counsel in regards to this Action, including temporary or contract staff, provided that the recipient agrees to be bound by this Protective Order and completes the Certification contained in Exhibit A;

f.      consultants or experts assisting attorneys of the law firm of the undersigned counsel in this Action, provided that the recipient agrees to be bound by this Protective Order and completes the Certification contained in Exhibit A;

g.      deponents and witnesses or prospective witnesses (and counsel for the witnesses) to the extent reasonably necessary in connection with their testimony in this Action or the preparation thereof, and provided that the recipient agrees to be bound by this Protective Order and completes the Certification contained in Exhibit A, or this

Protective Order is presented to such recipient during testimony and such recipient is informed of their obligation not to reveal Confidential or Highly Confidential Information, but a person identified solely in this subparagraph may not be permitted to retain copies of any Confidential Information;

h.      persons who are indicated in Discovery Materials or associated metadata to have been authors or recipients (including without limitation "bcc" recipients) of the Confidential Information therein;

i.      professional court reporters, stenographers, or video operators transcribing depositions or testimony in this Action;

j.      vendors (including without limitation outside copying, data-processing or hosting, graphic production, and other litigation-support services) retained by the Parties or counsel for the Parties, provided that the vendor agrees to be bound by this Protective Order and completes the Certification contained in Exhibit A;

k.      any mediator or arbitrator engaged by the Parties to the Action;

l.      any insurer who may be liable to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy any judgment; and

m.      any other person upon order of the Court or stipulation of the Parties.

19.     Highly Confidential Information shall not, without prior written consent of the Designating Party, be given, shown, summarized, revealed, disclosed, or made available in any form to any person other than:

a.      the Court and court personnel, any appellate court in this Action, and jurors, prospective jurors, and alternate jurors in this Action;

b.      individual Parties and their counsel;

c.      the in-house and outside counsel of a corporate or organizational Party, to the extent that counsel is participating in the prosecution and defense of this Action, their legal, clerical, or support staff;

d.      a designated corporate officer of a corporate or organizational Party, to the extent in-house or outside counsel for the Receiving Party determines in good faith that the assistance of the designated officer is reasonably necessary to the conduct of this Action, for the sole purpose of assisting with this Action, and provided that such persons have completed the Certification contained in Exhibit A; and

e.      other attorneys working at the direction of the undersigned counsel in regards to this Action, including temporary or contract staff, provided that the recipient agrees to be bound by this Protective Order and completes the Certification contained in Exhibit A;

f.      consultants or experts assisting attorneys of the law firm of the undersigned counsel in this Action, provided that the recipient agrees to be bound by this Protective Order and completes the Certification contained in Exhibit A;

g.      deponents and witnesses or prospective witnesses (and counsel for the witnesses) to the extent reasonably necessary in connection with their testimony in this Action or the preparation thereof, provided that the recipient agrees to be bound by this Protective Order and completes the Certification contained in Exhibit A, or this Protective Order is presented to such recipient during testimony and such recipient is informed of their obligation not to reveal Confidential or Highly Confidential Information, but a person

identified solely in this subparagraph may not be permitted to retain copies of any Highly Confidential Information;

h.     persons who are indicated in Highly Confidential Information or associated metadata to have been authors or recipients (including without limitation "bcc" recipients) of the Highly Confidential Information;

i.     professional court reporters, stenographers, or video operators transcribing depositions or testimony in this Action;

j.     vendors (including without limitation outside copying, data-processing or hosting, graphic production, and other litigation-support services) retained by the Parties or counsel for the Parties, provided that the vendor agrees to be bound by this Protective Order and completes the Certification contained in Exhibit A;

k.     any mediator or arbitrator engaged by the Parties to the Action;

l.     any insurer who may be liable to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy any judgment, provided that the recipient agrees to be bound by this Protective Order and completes the Certification contained in Exhibit A; and

m.     any other person upon order of the Court or stipulation of the Parties.

20.     Every person or entity given access to Confidential Information or Highly Confidential Information, information derived therefrom, or any other documents or materials reflecting or disclosing Confidential Information or Highly Confidential Information, shall be instructed that it is being disclosed pursuant to and subject to the terms herein, may not be used for any purpose other than this Action, and may not be disclosed or used by any person or entity other than pursuant to the terms hereof.  Executed Certifications need not be shared with the

Disclosing Party during the pendency of this Action, but they shall be made available to the Court for *in camera* inspection if good cause for review is demonstrated by the Disclosing Party, or if the Court otherwise requests.

21.     If a Party through inadvertence produces any Confidential Information or Highly Confidential Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the Disclosing Party may give written notice to the Receiving Party that the document or thing produced is deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and should be treated as such in accordance with the provisions of this Protective Order, and provide replacement media, images, and any associated production information to conform the document to the appropriate designation and facilitate use of the revised designation in the production.  The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received.  Disclosure, prior to the receipt of such notice of such information, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order.  Any Disclosing Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or withdraw a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation from any Discovery Material that it has produced consistent with this Protective Order, provided, however, that such redesignation shall be effective only as of the date of such redesignation.  Such redesignation shall be accomplished by notifying counsel for the Receiving Party in writing of such redesignation and providing replacement images bearing the appropriate description, along with the replacement media, images, and associated production information referenced above.  Upon receipt of any redesignation and replacement image that designates material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party shall: (a) treat such material in accordance with this Protective Order; (b) take

reasonable steps to notify any persons known to have possession of any such material of such redesignation under this Protective Order; and (c) take reasonable steps to promptly retrieve all copies of such material from any persons known to have possession of such material who are not entitled to receipt under this Protective Order. It is understood that the Receiving Party's reasonable, good faith efforts to retrieve all copies may not result in the actual return of all copies of such materials.

22. Any Discovery Material containing Confidential or Highly Confidential Information that is filed with the Court in unredacted form or becomes part of an official judicial proceeding is presumptively public and will be maintained under seal only upon motion and in accordance with applicable law. This Order does not provide for the automatic sealing of such Discovery Material. If it becomes necessary to file Discovery Material that contains Confidential Information with the Court, the following procedures shall apply:

    a. *Burden of Establishing Basis for Sealing*: In all respects, the Disclosing Party always has the burden of establishing that any Confidential or Highly Confidential Information should be maintained under seal under applicable law.

    b. *Filing Another Party's Confidential or Highly Confidential Information*: A Receiving Party who seeks to file with the Court papers that reflect, include, or attach another Disclosing Party's Confidential Information or Highly Confidential Information shall make a motion to seal, e-file public versions of its papers that redact such Confidential or Highly Confidential Information, and simultaneously serve unredacted copies on the other parties and deliver unredacted copies to Chambers. Within seven (7) calendar days of the filing, the Disclosing Party must respond to the motion to maintain such materials

under seal.  Any reply papers shall be filed within five (5) calendar days of the Disclosing Party's response.

      c.    *Disclosing Party Filing Its Own Confidential or Highly Confidential Information*: A Disclosing Party who seeks to file with the Court papers that reflect, include, or attach its own Confidential or Highly Confidential Information shall make a motion to seal, e-file public versions of its papers that redact such Confidential or Highly Confidential Information, and simultaneously serve unredacted copies on the other parties and deliver unredacted copies to Chambers.  Any responsive papers shall be filed within seven (7) calendar days, and any reply papers shall be filed within five (5) calendar days after the responsive papers are filed.

23.    A Party that intends to present Confidential Information or Highly Confidential Information at a hearing shall bring that issue to the Court's and Parties' attention in advance without publicly disclosing the Confidential Information or Highly Confidential Information.  The Court may thereafter make such orders, including any stipulated orders, as are necessary to govern the use of Confidential or Highly Confidential Information at the hearing.  For the avoidance of doubt, this Order does not place any restrictions on the use of Confidential or Highly Confidential Information by the Court, including in any hearing or at trial.

### D.    <u>Procedure Following Request for Confidential Information or Highly Confidential Information By Third Party</u>

24.    If a Receiving Party is served with a subpoena or other lawful demand compelling the disclosure of any Discovery Material containing any Confidential Information or Highly Confidential Information, it shall promptly, and in no event more than five (5) days after receiving the subpoena or other demand, provide written notice of such subpoena or other demand to the Disclosing Party and include with the notice a copy of the subpoena or other demand.  If the

Disclosing Party elects to oppose production of the Discovery Material, it shall notify within three (3) business days the Receiving Party who received such subpoena or other demand, and such person shall cooperate with the Disclosing Party in affording it an opportunity to oppose or limit production of the requested Discovery Material.

25. The Receiving Party who has been served with the subpoena or other lawful demand must also promptly inform the party who issued the subpoena or demand in writing that some or all of the requested material is the subject of this Protective Order, and must deliver a copy of this Protective Order promptly to the requesting party.

26. The Designating Party shall bear the burden and the expense of seeking protection of its Confidential Information or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging the Party who received the subpoena or demand to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party who received the subpoena or demand has in its possession, custody, or control Confidential or Highly Confidential Information produced in this Action.

E. **Information Subject to Existing Obligation of Confidentiality Independent of This Protective Order**

27. In the event that a Party is required by a valid discovery request to produce any information held by it that is subject to an existing obligation of confidentiality (independent of this Protective Order) in favor of a third party, the Party shall, promptly upon recognizing that such third party's rights are implicated, and in all events at least fourteen (14) days before the deadline for responding to the discovery request, provide the third party with a copy of this Protective Order and a written notice: (a) advising such third party of the Party's obligation to produce such information in connection with this Action and of its intention to do so, subject to the protections of this Protective Order; (b) advising such third party of the third party's right within fourteen (14)

14

days to seek further protection or other relief from the Court if, in good faith, it believes such information to be confidential under said obligation and either objects to the Party's production of such information or regards the provisions of this Protective Order to be inadequate; and (c) seeking the third party's consent to such disclosure if that third party does not plan to object.  The Party shall refrain from producing such information for a period of fourteen (14) days after providing such notice in order to permit the third party an opportunity to seek relief from the Court, unless the third party earlier consents to disclosure.  If the third party does not provide consent or seek relief from the Court, the Disclosing Party shall promptly produce the information in question subject to the protections of this Protective Order.

### F.    Challenges to Designation and/or Claims of Privilege

28.    The designation of any Discovery Material as Confidential, Highly Confidential, or Privileged is subject to challenge by any Party.  No Party is obligated to challenge the propriety of a designation of Discovery Material as Confidential, Highly Confidential, or Privileged when initially received, and a failure to do so will not preclude a subsequent challenge thereto.  A Party challenging the designation of Discovery Material as Confidential, Highly Confidential, or Privileged must do so in good faith and must begin the process by sending a written notice (the "Challenge Notice") to counsel for the Designating Party that identifies the specific Discovery Material at issue and explains the basis for the challenging Party's belief that the existing confidentiality or privilege designation is not proper.  The Parties should then attempt to meet and confer to resolve the issue.  In any event, the Designating Party must respond to the Challenge Notice within five (5) business days of receipt by sending a written response (the "Initial Response") to counsel for the challenging Party that explains the basis for any belief by the Designating Party that the existing confidentiality or privilege designation for the specific

Discovery Material is proper. Upon receipt of the Initial Response, the Parties shall continue to attempt to meet and confer.

29.     If the Parties are unable to resolve a challenge to the designation of Confidential Information, Highly Confidential Information, or Privileged Information after conferring in good faith, and following receipt of the Designating Party's Initial Response as described above, the following procedure shall apply unless otherwise agreed upon by the Parties in writing or modified by the Court: the challenging Party may file a motion with the Court challenging the designations following receipt of the Designating Party's Initial Response; within ten (10) days after the challenging Party has filed its motion, the Designating Party may submit a response showing good cause for the designation and why the designation should be maintained; and within five (5) days after the Designating Party files its response, the challenging Party may file a reply. The Parties may refer to Discovery Material in their submissions to the Court, provided such references are filed under seal pursuant to the procedures set out in Paragraph 22 above. Motions and responses filed pursuant to this Paragraph shall be limited to ten (10) pages in length, and replies shall be limited to five (5) pages. While such a motion is pending, all Parties shall continue to treat the Confidential, Highly Confidential, or Privileged Information in accordance with this Protective Order. In connection with any such motion as described in this Paragraph, the Designating Party bears the burden of establishing good cause for the designation being challenged.

## G.     **Inadvertent Production of Documents**

30.     The Parties agree that they do not intend to disclose Privileged Information. If, nevertheless, a Disclosing Party discloses Privileged Information, such disclosure (as distinct from use) will be presumed to be inadvertent without need of further showing under Federal Rule of Evidence 502(b), and it also shall not constitute or be deemed a waiver or forfeiture of the privilege or protection in any other federal or state proceeding by the Disclosing Party. This Section shall

be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), provided that nothing herein shall preclude any Receiving Party from challenging any claim of attorney-client privilege, attorney work product protection or any other privilege, immunity, or protection from production or disclosure on any ground, including, without limitation, waiver and whether disclosure was inadvertent.

31.     If a Party or non-party discovers that it has produced Privileged Information, it shall promptly notify the Receiving Party of the affected production in writing, and may demand that the Receiving Party return, sequester or destroy the Privileged Information, as contemplated by Federal Rule of Civil Procedure 26(b)(5)(B).  Such written notice must provide the specific Bates numbers for each document at issue, and the basis for the claw-back request, including the specific privilege or protection asserted and description of the nature of each document sufficient to permit all other parties to assess such claim.

32.     If the Designating Party has notified the Receiving Party of the production of Privileged Information, the Receiving Party shall within fourteen (14) days of receiving such written notice, unless intending to dispute such claim of privilege or assert a waiver: (a) destroy, sequester or return to the Designating Party all copies or versions of the Privileged Information requested to be returned or destroyed; and (b) ensure that such Privileged Information is not disclosed in any manner to any Party or non-party.

33.     The Receiving Party shall not use such Privileged Information for any other purpose pending resolution of the dispute.

34.     Nothing herein shall abrogate the obligation of any Disclosing Party to produce a privilege log as required by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure and/or any separate Court order (or agreed-upon stipulation) governing privilege logs.

35.     Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Nothing in this Order shall limit the right to request an *in camera* review of any Privileged Information.

36.     Nothing in this Order overrides any attorney's ethical responsibilities under applicable law and/or ethical rules regarding materials produced by another party that the attorney knows or reasonably should know to be privileged or protected.

### H.     **Obligations on Conclusion of Action**

37.     Unless otherwise agreed or ordered, this Protective Order shall remain in force after dismissal of the Action or entry of final judgment not subject to further appeal.

38.     Except to the extent otherwise specified herein, any Receiving Party must, within ninety (90) days after final termination of this Action by settlement or exhaustion of all appeals, return or destroy, using reasonable efforts, all Discovery Material[1] and certify that fact to the other Parties.

39.     The Receiving Party's reasonable efforts shall not require the return or destruction of Discovery Material from (i) disaster recovery or business continuity backups; (ii) data stored in system-generated temporary folders or near-line storage; (iii) archived data with limited end-user accessibility; and/or (iv) material that is subject to legal hold obligations or commingled with other such material.  Backup storage media will not be restored for purposes of returning or certifying

---

[1] For avoidance of doubt, the obligations described herein regarding destruction or return of Discovery Material apply only to documents or other material produced by a Disclosing Party during discovery in the above-captioned Action.

destruction of Discovery Material, but such retained information shall continue to be treated in accordance with the terms of this Protective Order.

40.     Notwithstanding any other provision of this Protective Order, Counsel for the Parties shall be entitled to retain, and will not be obligated to return or destroy, the following categories of documents:

        a.   Any documents or material, whether or not produced in discovery, that has been offered into evidence or filed with the court, including copies of court papers, pleadings, motions, legal memoranda, and exhibits thereto;

        b.   Deposition and trial transcripts (and exhibits thereto);

        c.   Expert reports (including reports that contain or refer to Discovery Material, provided that counsel to the Parties shall continue to abide by the terms of this Protective Order regarding confidentiality of said material); and

        d.   Attorney work product, even if such work product contains or refers to Discovery Material (including but not limited to documents bearing the notations, summations, or other mental impressions of a Receiving Party).

41.     Notwithstanding any other provision of this Protective Order, Receiving Parties are not required to locate, isolate, and return any e-mails (including any attachments to e-mails) or correspondence that may include Discovery Material.

42.     For the avoidance of doubt, nothing in this Protective Order shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Outside counsel may retain any materials required to be retained under applicable law and/or ethical rules, in which case any such materials shall continue to be protected under the terms of this Protective Order to the extent consistent with such law and/or rules.  An attorney may use his

or her work product in subsequent litigation, provided that the attorney's use does not disclose or use Confidential Information or Highly Confidential Information.

**I.**    **Miscellaneous Provisions**

43.    This Protective Order shall not deprive any Party of its right to seek any discovery or to object to discovery by any other Party on any otherwise permitted ground.  This Protective Order shall not preclude any Party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

44.    The terms herein may not be modified, superseded, terminated, or amended except by order of the Court or written agreement of the Parties, subject to the Court's approval.

45.    The Parties agree to be bound by the terms of this Protective Order upon execution, including prior to its entry by the Court.  This Protective Order applies to all Discovery Material produced in the Action, whether produced before or after the entry of this Protective Order.

*[Signatures to follow]*

Dated: April 28, 2020

<table>
<tr><td>

 /s/ Joseph A. Fonti

By:  **BLEICHMAR FONTI & AULD LLP**
Joseph A. Fonti (admitted *pro hac vice*)
Javier Bleichmar (admitted *pro hac vice*)
7 Times Square, 27th Floor
New York, NY 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jfonti@bfalaw.com
jbleichmar@bfalaw.com

*Co-Counsel for the Park Employees' and
Retirement Board Employees' Annuity and
Benefit Fund of Chicago and Lead Counsel
For The Class*

**ELLIOTT GREENLEAF, P.C.**
John M. Elliott (No. 04414)
Thomas J. Elliott (No. 20324)
Timothy T. Myers (No. 46959)
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
Telephone: (215) 977-1000
Facsimile: (215) 977-1099
jme@elliottgreenleaf.com
tje@elliottgreenleaf.com
ttm@elliottgreenleaf.com

*Co-Counsel for the Park Employees' and
Retirement Board Employees' Annuity and
Benefit Fund of Chicago*

**KEHOE LAW FIRM, P.C.**
John A. Kehoe (*pro hac vice* to be submitted)
Two Penn Center Plaza
1500 JFK Boulevard, Suite 1020
Philadelphia, PA 19012
Telephone: (215) 792-6676
jkehoe@kehoelawfirm.com

*Additional Counsel for the Park Employees'
and Retirement Board Employees' Annuity
and Benefit Fund of Chicago*

</td><td>

 /s/ Thomas J. Giblin

By:  **LATHAM & WATKINS LLP**
James E. Brandt (admitted *pro hac vice*)
Jeff G. Hammel  (admitted *pro hac vice*)
Thomas J. Giblin (admitted *pro hac vice*)
885 Third Avenue
New York, NY 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
james.brandt@lw.com
jeff.hammel@lw.com
thomas.giblin@lw.com

**MORGAN, LEWIS & BOCKIUS LLP**
J. Gordon Cooney, Jr. (No. 42636)
Laura Hughes McNally (No. 310658)
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
gordon.cooney@morganlewis.com
laura.mcnally@morganlewis.com

*Counsel for Defendants*




IT IS SO ORDERED:

  s/Michael M. Baylson
Hon. Michael M. Baylson
United States District Judge

</td></tr>
</table>

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALEXANDRE PELLETIER, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>ENDO INTERNATIONAL PLC, RAJIV KANISHKA LIYANAARCHCHIE DE SILVA, SUKETU P. UPADHYAY, and PAUL V. CAMPANELLI,<br><br>        Defendants. | No. 2:17-cv-05114-MMB |

## CERTIFICATION

I hereby certify my understanding that Confidential and/or Highly Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order and Confidentiality Agreement ("Protective Order") in place in this action. I have been given a copy of that Protective Order and have read it.

I agree to be bound by the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I will not reveal Confidential or Highly Confidential Information to anyone, except as allowed by the Protective Order. I will maintain any Confidential and/or Highly Confidential Information in my possession—including copies, notes, or other transcriptions made therefrom—in a secure manner to prevent unauthorized access to it. No later than ninety (90) days after dismissal of the action or entry of final judgment not subject to further appeal, I will either destroy or return the Confidential and/or Highly Confidential Information to the counsel who provided me with the Confidential

and/or Highly Confidential Information.  I hereby consent to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this litigation.

I declare under penalty of perjury that the foregoing is true and correct and that this certification is executed this ____ day of _____, 20____ at _____.

By:          _____

Address:   _____

_____

Phone:      _____